BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant COX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>SHAWN KEITH COX,<br><br>            Defendant. | No. CR 08-0094 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE**<br><br>Date:   March 25, 2008<br>Time:  2:00 p.m.<br>Court: The Honorable William H. Alsup |

<u>STIPULATION</u>

The parties hereby agree and request this Court to continue the status conference in the above referenced case from March 25, 2008, until April 8, 2008 at 2:00 p.m. The purpose of the continuance is due to the fact that counsel for Mr. Cox, AFPD Elizabeth Falk, will be out of state on March 25th, 2008 for work purposes. On April 1, 2008 at 2:00 p.m., Ms. Falk will be before the Honorable Elizabeth D. Laporte for a pretrial conference on a separate trial; government counsel Owen Martikan is also unavailable to attend a hearing before this Court at that time. As such, the first day that the parties are mutually available is April 8, 2008, at 2:00 p.m. A continuance is accordingly requested until that date.

The parties hereby attest that the government has provided all discovery in this matter to defense counsel, and defense counsel will meet with her client prior to the April 8, 2008 status conference to discuss and review said discovery. At the April 8, 2008 status conference, defense

1  counsel will be prepared to either set a motions date or a trial date before this Court.

2  The parties further stipulate that counsel for the defendant needs the two week
3  continuance to review the discovery with her client in a manner that allows her to effectively
4  prepare a defense.  Defense counsel thus believes that an exclusion of time under the Speedy
5  Trial act is in her client's best interest.  The parties further request an exclusion of time under
6  the Speedy Trial Act to afford Mr. Cox the right to continuity of counsel, given Ms. Falk's
7  travel obligations and obligations on other cases, which will prevent her from making any
8  Court appearances on March 25th, 2008 or April 1, 2008.  Given these circumstances, the
9  parties ask this Court to find that the ends of justice served by excluding the period between
10 March 25, 2008 and April 8, 2008 outweigh the best interest of the public and the defendant
11 in a speedy trial.  The parties ask this Court to find that an exclusion of time is thus
12 appropriate under the Speedy Trial Act between March 25, 2008 and April 8, 2008 to enable
13 the effective preparation of counsel, as well as to afford the defendant continuity of counsel.
14 18 U.S.C. § 3161(h)(8)(A) & 18 U.S.C. § 3161(B)(iv).

15

16 IT IS SO STIPULATED

17

18 DATED:    03/21/08                                         /S/
                                                    _____
19                                                  ELIZABETH M. FALK
                                                    Assistant Federal Public Defender
20

21 DATED:    03/21/08
                                                                /s/
                                                    _____
22                                                  OWEN P. MARTIKAN
                                                    Assistant United States Attorney
23

24 I hereby attest that I have on file all holographic signatures indicated by a "conformed" signature
25 \\
26 \\

1  (/S/) within this efiled document.

### ~~[PROPOSED]~~ ORDER

Based upon the aforementioned representations of the parties, and for good cause shown, it is hereby ORDERED that the status conference for defendant Sean Keith Cox is hereby CONTINUED until April 8, 2008, at 2:00 p.m.  The status date of March 25, 2008 is hereby VACATED.

Based on the aforementioned representations of the parties, this Court further finds that counsel for the defendant needs additional time to review discovery in order to effectively prepare a defense for her client, and that denying this request for a continuance would deny the defendant continuity of counsel.  Given these circumstances, this Court finds that the ends of justice served by excluding the period between March 25, 2008 and April 8, 2008 outweigh the best interest of the public and the defendant in a speedy trial.  An exclusion of time is thus appropriate under the Speedy Trial Act between March 25, 2008 and April 8, 2008 to enable counsel to effectively prepare, as well as to afford the defendant continuity of counsel.  18 U.S.C. § 3161(h)(8)(A) & 18 U.S.C. § 3161(B)(iv).

**IT IS SO ORDERED.**

DATED:  March 24, 2008.

_____
THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE