JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> SHAWN KEITH COX, <br>     Defendant. | No. CR 08-0094 WHA <br><br> THE UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: August 5, 2008 <br> Time: 2:00pm <br> Place: Courtroom 9, 19th Floor |

**INTRODUCTION**

Defendant Shawn Cox pleaded guilty to one count of a three-count indictment on May 28, 2008. The Court accepted Cox's plea and scheduled sentencing for August 5, 2008. Evans' guilty plea was pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B). The purpose of this sentencing memorandum is to note the United States' agreement with the Probation Department's Pre-Sentence Report and sentencing recommendation. The Probation Department recommends a sentence of probation for three years, a $1,000 fine, and a $100 special assessment.

**THE OFFENSE, CHARGES, AND PLEA AGREEMENT**

Defendant Shawn Cox worked as a master (essentially, a ship's captain) on a Hornblower Cruises vessel during the holiday season in 2006 and early 2007. On January 10, 2007, Cox's ship ran into Pier 3 in San Francisco during docking maneuvers. The Coast Guard investigated the accident, which punched a hole in this ship's side, and discovered that Cox's merchant mariner license was invalid. Cox's license, which the Coast Guard reviewed as a routine part of its investigation, contained inconsistencies that showed that its date of issuance, and thus its expiration date, had been altered to make the license appear current when in fact it had expired five years earlier. During the Coast Guard's interview of Cox concerning his license, Cox admitted that he had altered it to gain employment with Hornblower Cruises.

The U.S. Coast Guard requires a master of a passenger vessel to hold an appropriate license. 46 C.F.R. § 15.805(a). A merchant mariner's license, which Cox was required to hold as the master of the M/V California Hornblower, is valid for five years from the date issued. In this case, Cox was issued a merchant mariner's license in 1996 that expired in 2001, after he left employment with the Blue & Gold Fleet. Cox altered this license so that it appeared to have been issued in 2006. The altered license, however, contained the wrong serial number for a license issued in 2006, it contained the name and signature of a Coast Guard official who had retired before 2006, and it contained a pre-printed blank for the year in the form "19__," which was no longer in use for licenses issued in 2006.

Because the requirement to hold a merchant mariner's license is self-enforced, and because a valid merchant mariner's license implies a degree of experience and training that furthers public safety, the Coast Guard takes violations of this rule seriously.

The three-count indictment in this case charged Cox with violating 18 U.S.C. § 2197 (alteration of a federal license) for altering his merchant mariner license, 18 U.S.C. § 1001(a)(3) (use of a false document), for reporting to the Coast Guard on his accident report that he held a valid merchant mariner's license, and 18 U.S.C. § 2196 (negligent seaman) for causing the accident that damaged his ship. Cox pleaded guilty to Count One of the indictment, and the United States will move to dismiss the remaining counts at sentencing.

**SENTENCING RECOMMENDATION**

The parties and Probation Department agree that the recommended sentence of three years' probation, a $1,000 fine, and a $100 special assessment is an appropriate disposition for this case, as it reflects the seriousness of Cox's conduct, while taking into account his lack of prior criminal convictions.

The United States notes that it is not requesting restitution in this case, given that Cox's alteration of his merchant mariner's license cannot be directly related to the damage to his ship, and because the evidence supporting Cox's negligence in this case was not strong enough for the United States to pursue that charge to conviction.

**CONCLUSION**

The United States respectfully asks the Court to follow the sentencing recommendation set forth in the parties' plea agreement and the Probation Department's Pre-sentence Report.

DATED: July 31, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/ Owen Martikan_____
OWEN P. MARTIKAN
Assistant United States Attorney